# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **WALMART INC.**, who may be served with process by serving its registered agent, **CT Corporation System or any other authorized officer or agent therein at 199 Bryan St., Ste. 900, Dallas, TX 75201** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 29th day of August, 2019 by Attorney at Law, **ALEJANDRO ACOSTA, III, 906 N. MESA ST., 2ND FLOOR, EL PASO, TX 79902** in this case numbered **2019DCV3343** on the docket of said court, and styled:

**MARIA EMMA PEREZ**
**VS**
**WALMART INC.**

THIS PROCESS WAS DELIVERED AT 2:30 O'CLOCK P.M.
THIS 01 DAY OF October 2019
CONSTABLE PRECINCT 1
DALLAS COUNTY, TEXAS
BY DEPUTY: [signature]

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 9th day of September, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: __NORMA FAVELA BARCELEAU__   District Clerk
El Paso County, Texas

By: __[signature]__, Deputy
Lorraine Arellano

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

EXHIBIT "A"

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy ____ $ _____   _____ Sheriff

_____ County, Texas

Total _____ $ _____   by _____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20____, at _____ o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

_____
**NOTARY PUBLIC, STATE OF TEXAS**

Case 3:19-cv-00311-RFC Document 1-1 Filed 10/28/19 Page 3 of 13

County - 384th District Court

Filed 8/29/2019 1:22 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3343

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | |
|---|---|
| MARIA EMMA PEREZ, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | Cause No. 2019-DCV-_____ |
| § | |
| WALMART INC. § | |
| § | |
| *Defendant.* § | |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND
AND REQUEST FOR INITIAL DISCLOSURES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW MARIA EMMA PEREZ (hereinafter referred to as "Plaintiff") complaining of WALMART INC. hereinafter referred to as "Defendant" for a cause of action would show this Court and/or Jury the following:

### I. DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level III.

### II. RELIEF

Pursuant to Texas Rule of Civil Procedure 47(c)(4) Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which the party deems herself entitled.

### III. PARTIES

Plaintiff is a resident of El Paso County, Texas. Plaintiff's last three digits of her Social Security number is 973.

Defendant WALMART INC., is a foreign corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, C T CORPORATION

1 | Page

*Maria Emma Perez vs. Walmart Inc.*
**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR INITIAL DISCLOSURES**

SYSTEM, and/or any other authorized officer or agent therein, at 199 BRYAN ST. STE 900 DALLAS, TX 75201, Texas 79903 and/or wherever may be found.

## IV. FACTS

On or about July 15, 2018, Plaintiff was on the premises owned, operated and controlled by Defendant located at 1850 N Zaragoza Rd, El Paso, Texas 79936 as invitee when she fell on a foreign substance on the floor, causing injury Plaintiff sustained injuries to her left foot, right arm and other parts of her body. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

## V. PREMISES LIABILITY

While upon Defendant's premises, Plaintiff suffered bodily injuries as a direct result of the fall proximately caused by a dangerous condition, which Defendant created, knew, or in the exercise of ordinary care, should have known existed. Plaintiff further alleges that Defendant, its agents, servants and employees negligently created, caused and/or negligently permitted such condition to exist and/or negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendant, its agents, servants and employees created, knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff.

Alternatively, and without waiving the foregoing, Plaintiff would also show that Defendant owed a duty to Plaintiff, that Defendant breached that duty and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff.

## VI. NEGLIENCE OF DEFENDANT

Defendant owed a reasonable degree of care to Plaintiff. Plaintiff alleges that Plaintiff's injuries and damages were proximately caused by the negligence of Defendant arising from one or more of the following alternative theories of negligence on the part of Defendant:

a. In failing to adequately train its employees on how to exercise reasonable care to reduce or eliminate the risk by correcting the dangerous condition of the slippery substance on the floor.
b. In failing to properly clean, sweep, mop, buff, or warn of the condition of the area in question;
c. In failing to inspect the premises for substances on the floor;
d. In failing to inspect the premises in order to discover the dangerous condition of the area in question;
e. In failing to correct the dangerous condition of the area in question;
f. In failing to warn visitors, including Plaintiff, that a dangerous condition existed which required extra care to be taken by them when entering the area when Defendant knew or should have known that the area in question was dangerous;
g. In failing to establish and enforce safety rules and regulations for protecting invitees from slip and falls;
h. In failing to establish and enforce safety rules and regulations to correct the existing dangerous conditions;
i. In failing to adequately supervise employees in regular inspection and cleaning of the area in question;
j. In failing to teach and educate its employees on the maintenance of the area in question; and

One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described below.

## VII. PLAINTIFF'S DAMAGES

As a direct and proximate result of the occurrence, Plaintiff suffered bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention and other expense. Such expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will

necessarily incur reasonable expenses in the future for such medical needs. As a result of the occurrence, Plaintiff has suffered loss of earning capacity in the past and will suffer a loss of wage-earning capacity in the future. Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past. Plaintiff will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body in the future. Plaintiff has suffered disfigurement.

## VIII. PUNITIVE DAMAGES

Plaintiff is entitled to punitive damages because of Defendant's gross negligence. Defendant's acts or omissions, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants had actual, subjective awareness of the risk involved, by nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless, heedless and intentional conduct and to set an example for others that such conduct will not be tolerated.

## IX. JURY DEMAND

Plaintiffs request a jury trial and have tendered the appropriate fee.

## X. REQUEST FOR INITIAL DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant are requested to disclose, within 51 days of service of this request, the information or material described in Rule 194.2(a) through (i).

4 | P a g e

*Maria Emma Perez vs. Walmart Inc.*
**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR INITIAL DISCLOSURES**

Plaintiff hereby notifies Defendant that Plaintiff intends to use Defendant' discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by TEX. R. CIV. P. 193.7.

## XI. CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested for punitive damages, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

_____
**ALEJANDRO ACOSTA, III**
TX State Bar No.: 24064789
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
AAcosta@ftalawfirm.com
*Attorney for Plaintiff*

Receipt# 1345386
Check# 2499

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **WALMART INC.,** who may be served with process by serving its registered agent, **CT Corporation System or any other authorized officer or agent therein at 199 Bryan St., Ste. 900, Dallas, TX 75201** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 29th day of August, 2019 by Attorney Law, **ALEJANDRO ACOSTA, III, 906 N. MESA ST., 2ND FLOOR, EL PASO, TX 79902,** in this case numbered **2019DCV3343** on the docket of said court, and styled:

**MARIA EMMA PEREZ**
**VS**
**WALMART INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for Initial Disclosures** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 9th day of September, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: _NORMA FAVELA BARCELEAU_   District Clerk
El Paso County, Texas

By: _Lorraine Arellano_, Deputy
Lorraine Arellano

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Copy from re:SearchTX

## CONSTABLE'S RETURN

**Style of Case:** MARIA EMMA PEREZ VS. WALMART INC.

Came into hand, this __30__ day of __SEPTEMBER__, 20 __19__ AT __11:42__ o'clock __A__ M. by executing and delivering a __CITATION__ state of __TEXAS__ under cause number: __2019DCV3343__ __01__ day __OCTOBER__, 20 __19__, at __2:35__ o'clock __P__ M., to:

_____ personally delivered/served true and correct copies of same.

**OTHER NOTES:** _____

_____ pursuant to Rule 106/Rule 536, to an occupant: _____ over the age of 16 years.

☐ _____ pursuant to Rule 106/Rule 536, by securely attaching and/or affixing to the _____ of the defendant's last known place of ☐ business ☐ abode.

☐ **WALMART INC.**                                              ☐ A Corporation   ☐ A Business

**Name:** __CT CORPORATION__      ☐ President ☐ Vice-President ☒ Registered Agent

☒ By delivering to the defendant's registered agent for service, C.T. CORPORATION SYSTEM, through Their authorized agent to accept service __KIM HIGHTOWER__ __SOP INTAKE ASSOCIATE__ at 1999 BRYAN ST STE 900 Dallas, Texas 75201.

**Service Address:** __1999 BRYAN ST STE 900 DALLAS TEXAS 75201__

☐ **RETURNED TO COURT AND/OR PLAINTIFF FOR THE FOLLOWING REASONS:**

_____

**Service Fees:** $ __80.00__

_Sgt. Oluwole 42/09_
SGT. OLUWOLE #104
**TRACEY L. GULLEY, CONSTABLE**
**DALLAS COUNTY PRECINCT 1**

**COUNTY OF DALLAS**

**STATE OF TEXAS**

**SIGNED AND SWORN BY SAID** _____ , before me, this _____
**Day Of** _____ 20 ____ , to certify which, witness my hand and seal of office.

**NOTARY PUBLIC-IN AND FOR THE STATE OF TEXAS**
_____
_____

Copy from re:SearchTX

El Paso County - 384th District Court          Filed 10/16/2019 10:55 AM
Case 3:19-cv-00311-RFC   Document 1-1   Filed 10/28/19   Page 10 of 13
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3343

IN THE 384TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MARIA EMMA PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Cause No. 2019DCV3343** |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** WALMART INC. (proper entity being Wal-Mart Stores Texas, LLC), the Defendant in the above-entitled and captioned cause and timely files its Original Answer to Plaintiff's Original Petition, and by its Original Answer, would respectfully show the Court as follows:

**I.**

Pursuant to Texas Rules of Civil Procedure 92, Defendant enters a General Denial Answer and places all of the matters pled by Plaintiff in this case in issue, demanding strict proof of all of Plaintiff's allegations made herein by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that it be allowed to go hence, without delay, and with its costs.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: ___/s/ Laura Enriquez_____
    **Laura Enriquez**
    State Bar No. 00795790

Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 16th day of October 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Alejandro Acosta, III
Flores, Tawney & Acosta P.C.
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
(915) 308-1000

__/s/ Laura Enriquez_____
**Laura Enriquez**

IN THE 384TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | |
|---|---|
| MARIA EMMA PEREZ, § § Plaintiff, § § v. § § WALMART, INC., § § Defendant. § | **Cause No. 2019DCV3343** |

### DEFENDANT'S JURY DEMAND AND SUBMISSION OF FEE

**COMES NOW** Defendant WALMART INC., having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposit with the clerk the jury fee of FORTY DOLLARS ($40.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

    Respectfully submitted,

    **MOUNCE, GREEN, MYERS,**
    **SAFI, PAXSON & GALATZAN**
    A Professional Corporation
    P. O. Drawer 1977
    El Paso, Texas  79999-1977
    Phone:  (915) 532-2000
    Telefax: (915) 541-1597
    enriquez@mgmsg.com

By: ___/s/ Laura Enriquez_____
    **Laura Enriquez**
    State Bar No. 00795790

    Attorneys for Defendant

2

**CERTIFICATE OF SERVICE**

   In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 16th day of October 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Alejandro Acosta, III
Flores, Tawney & Acosta P.C.
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
(915) 308-1000

               */s/ Laura Enriquez*
               **Laura Enriquez**